**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ERNEST JOHN YOUNG, also known as
Jason Aaron Presley,

          Plaintiff - Appellant,

v.

ELVIS A. PRESLEY; LISA PRESLEY;
ELVIS PRESLEY, INC.; PATRICIA
LANTERN, Doctor at University of Utah
Hospital; JANET MOFFIT, Judge at
Industrial Commission of Utah; GARY
STOTT, Judge at Fourth District Court,

          Defendants - Appellees.

No. 08-4144

(D. Utah)

(D.C. No. 2:08-CV-00281-TS)

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this court has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Plaintiff-Appellant, Ernest John Young filed a complaint invoking 42 U.S.C. § 1983 and 28 U.S.C. § 2254, in which he asserted claims involving allegations of kidnapping, murder, attempted murder, libel, slander, defamation, incarceration, rape, and extortion. Young's allegations evolve from his central assertion that he is the biological son of Elvis Presley and the father of triplets kidnapped by defendant Lisa Presley from the University of Utah hospital. *See also Presley v. Presley*, 102 Fed. App'x 636 (10th Cir. 2004). The district court concluded these claims were frivolous. The court also concluded Young was not entitled to relief under § 2254 because his complaint failed to allege facts that would support a finding his constitutional rights have been violated by his incarceration. Accordingly, the district court dismissed Young's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

The matter is before this court on Young's appeal from the district court's order of dismissal.[1] Having reviewed the record, Young's brief, and the

---

[1]In this appeal, Young does not challenge the district court's disposition of his claims of entitlement to habeas corpus relief. Accordingly, it is unnecessary to determine whether Young is entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA).

applicable law, we can discern no reversible error by the district court.

Accordingly, the dismissal of Young's complaint is **affirmed** for substantially the

reasons stated in the district court order dated July 14, 2008.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge